**ZHI DING WU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–3177–ag.**

United States Court of Appeals, Second Circuit.

April 25, 2007.

Michael Brown, New York, NY, for Petitioner.

Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania; Kelly R. Labby, Assistant United States Attorney, Pittsburgh, PA, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhi Ding Wu, a native and citizen of the People's Republic of China, seeks review of a June 13, 2006 order of the BIA affirming the March 9, 2005 decision of Immigration Judge ("IJ") Alan L. Page denying Wu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Ding Wu,* No. A97 390 726 (B.I.A. June 13, 2006), *aff'g* No. A97 390 726 (Immig. Ct. N.Y. City March 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled

to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also, Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ Substantial evidence supports the IJ's adverse credibility finding. The record reveals material inconsistencies and omissions relating to events at the center of Wu's claim for asylum based on past persecution. *Cf. Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

First, Wu made inconsistent statements regarding the circumstances surrounding the forcible abortion of his wife. While he stated in his credible fear interview that his wife became pregnant after her IUD was "lost," and that he and his wife were home together having dinner when family planning officials came to take his wife for a forcible abortion, he stated in his asylum application that a private physician removed the IUD and that his wife had been in hiding when the family planning officials came to their home to arrest her. The IJ reasonably rejected Wu's explanation that he provided inconsistent statements because he was "nervous." *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Second, Wu made statements on his asylum application regarding important dates that were later modified by submission of a statement "correcting" those dates. The IJ reasonably viewed these statements as inconsistencies and discredited Wu's explanation that his prior attorney had made the errors because Wu gave the same incorrect date regarding his wife's pregnancy during his credible fear interview. *See Majidi,* 430 F.3d at 80–81.

Third, Wu omitted significant details from his asylum application. Although Wu testified that the family planning officials came to his home in January 2002 to look for his wife, he omitted this allegation in his application. Further, while Wu stated in the amendment to his application that the authorities did not sterilize his wife because she lost too much blood following her alleged forcible abortion, he did not make this allegation in either his initial asylum application or the statement he submitted to correct it.

Finally, the IJ's adverse credibility finding is supported by Wu's submission of an abortion certificate deemed by a consular report to likely be inauthentic. Wu does not dispute the findings of the consular report. Given that the IJ reasonably believed that Wu had already submitted one false abortion certificate, it was not unreasonable to decline to credit the unauthenticated second abortion certificate submitted by Wu's wife. *See Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151, 158 (2d Cir.2006). For all these reasons, substantial evidence supports the IJ's adverse credibility finding.

■ Because the only evidence of a threat to Wu's life or freedom or a likelihood that he would be tortured depended upon his credibility with respect to his family planning claim, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006). Finally, we decline to review Wu's argument that he was denied due process as it was not exhausted at the administrative level. *See Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a

stay of removal in this petition is DIS-MISSED as moot.